

LAW OFFICES OF

# MICHAEL K. McFADDEN, LLC

Certified Civil Trial Attorney
National Board of Trial Advocacy*
1999-2004
*Accredited by the American
Bar Association

CORNERSTONE COMMERCE CENTER
1201 NEW ROAD, SUITE 309
LINWOOD, NEW JERSEY 08221

TELEPHONE (609) 927-9777
FACSIMILE (609) 927-9577

Cherry Hill Office:
12 Barclay Pavilion E
Cherry Hill, New Jersey 08034

RECEIVED
SEP 30 2014
AT 8:30_____M
WILLIAM T. WALSH CLERK

September 29, 2014

Clerk's Office
Hon. Renée Bumb
U.S. District Court Judge
U.S. District Court, District of New Jersey Mitchell H. Cohen Courthouse
400 Cooper Street, Room 1050
Camden, New Jersey 08101

**Re: Wilson v. J.C. Penney Corporation, Inc. Civil Action No. 14-cv-05510**

Dear Judge Bumb:

This firm represents the Plaintiff in this matter. Assumingly in lieu of filing an answer on its September 24, 2014 due date, the Defendant filed a correspondence of September 24, 2014 requesting a pre-motion conference in anticipation of filing a motion to dismiss under F.R.C.P. 12(b)(b) or for a motion for a More Definite Statement under F.R.C.P. (12)(e).

I would join in a request for a pre-motion conference to address having this case remanded to State Court based on the District Courts lack of subject matter jurisdiction.

This matter was filed in the New Jersey Superior Court on July 21, 2014 and the Defendant had the matter removed to US District Court on September 4, 2014

The law is clear that Federal District Courts have jurisdiction over cases where there is complete diversity between citizens of different states and where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Subsequent to removal, the federal court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

I would respectfully submit that the amount in controversy in this case does not exceed $75,000.

In support of the amount in controversy the Defendant asserted in its September 3, 2014 application that "4. Plaintiffs Complaint alleges that JCPenney violated the New Jersey Law Against Discrimination ("LAD") based on Plaintiffs allegation that her work hours were reduced and/or she was terminated due to her age. Plaintiff specifically alleges that she was treated differently than similarly younger and less qualified employees of JCPenney and the change in her employment and/or her termination was because of her age. (See Complaint 7111 and 14, Exhibit 1.)"

In support of the amount in controversy exceeding $75,000, the Defendant asserted "10. Accordingly, Defendant has a good-faith basis to believe that the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. Thus, the amount is controversy requirement is satisfied pursuant to 28 U.S.C. § 1322(a). This action is, therefore, a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and one which may be removed by Defendant pursuant to 28 U.S.C. §§ 1441 (b) and 1446 in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. See Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 198 (D.N.J. 2006)."

"The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)); The United States Court of Appeals for the Third Circuit ("Third Circuit") explained that "[i]t is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel–Bassett, 357 F.3d at 396 and Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006)).

Defendant's correspondence filed with the court on September 24, 2014, which states in part that "JCPenney does not know why it has been brought to Court. Rather than spending time and money on discovery in order to move for summary judgment next year, JCPenney is seeking court intervention now."

It would appear to me that the Defendant lacks credibility with one pleading indicating that it has a good-faith basis to believe that the matter in controversy in this action exceeds the sum or value of $75,000, and 21 days later advising the court it does not know why it has been brought to Court on a meritless case.

Without belaboring in a motion why the Defendant has failed to meet its burden as to diversity, or that no damages were sought from the Defendant in an attempt to resolve this matter, I have discussed this issue with my client and will stipulate damages in this matter do not exceed $75,000.00. This includes all damages and attorney fees.

We request intervention of a telephone conference with the Court, to help resolve this remand issue without filing a formal Motion to Remand. The Plaintiff also welcomes a conference with counsel.

I have reviewed the pro hac vice admission application and have no objection to in-house attorney Elizabeth Weathers, admission in Federal or State court.

Respectively Submitted

Michael K. McFadden

cc Melanie Wilson
   Jed Marcus
   Courtesy copy Hon. Renée Bumb